# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

MATTHEW PAUL QUALLS,               )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      No.    2:24-cv-00207-DCLC-CRW
                                   )
HAWKINS COUNTY, TENNESSEE, et      )
al.,                               )
                                   )
                                   )
            Defendants,            )

## ORDER

This is an action for violation of 42 U.S.C. § 1983 that Plaintiff filed through counsel [Doc. 1]. Now before the Court is the parties' third joint motion seeking amendment of the scheduling order to obtain a new trial date and extensions of various deadlines [Doc. 36], Plaintiff's motion to clarify the pretrial and trial schedule [Doc. 38], Defendants' motions for summary judgment [Docs. 39, 43, 46, 47, 50, 54], and Plaintiff's "expedited motion to complete discovery and other pretrial relief" [Doc. 57]. For the reasons set forth below, the parties' third joint motion seeking a new trial date and extensions of various deadlines [Doc. 36] will be **GRANTED**, Defendants' motions for summary judgment [Docs. 39, 43, 46, 47, 50, 54] will be **DENIED as premature** with leave to refile, and Plaintiff's remaining motions [Docs. 38, 57] will be **DENIED as moot**.

## I.      BACKGROUND

On November 13, 2025, Plaintiff, proceeding through counsel, filed this action against Hawkins County, Southern Health Partners, nine individual Defendants, and various unnamed individuals [Doc. 1]. On January 17, 2025, the Court entered a scheduling order setting this case

for trial on July 20, 2026 [Doc. 21].  Pursuant to the parties' agreed motion, the Court subsequently entered an amended scheduling order that did not alter the trial date [Docs. 27, 30, 31].

On January 21, 2026, the parties filed a second "Joint Motion to Amend/Revise Scheduling Order" requesting a discovery deadline of March 20, 2026, a dispositive motion deadline of May 4, 2026, and a non-dispositive motion of June 12, 2026 [Doc. 35].  On April 3, 2026, the Court entered an order granting that motion [Doc. 37].  Given the rapidly approaching trial date in this case, the Court also notified the parties that it would not look favorably on further requests for extension of these deadlines [*Id.* at 1].

On March 26, 2026, the parties filed their third joint motion to amend the scheduling order requesting that the Court continue the trial date and extend the discovery, dispositive motion, and non-dispositive motion deadlines, in which the parties state that this third joint motion moots their second such motion [Doc. 36].  But as the parties filed this motion after the Court had drafted its order granting the parties' second motion to amend the scheduling order but before the Court had entered that order on the docket sheet, the Court inadvertently entered its order granting the parties' second motion to amend the scheduling order without addressing the parties' third motion to amend the scheduling order.[1]

On April 29, 2026, nearly four weeks after the Court's entry of the order granting the parties' second joint motion to amend the scheduling order, Plaintiff filed a motion to clarify the pretrial and trial schedule [Doc. 38].

---

[1] At least once, Plaintiff's counsel insinuates that the Court may have entered the order granting the parties' second motion to amend the scheduling order without addressing the third motion in order to disadvantage him [*See, e.g.,* Doc. 38 p. 7 (asserting that the Court's order granting the parties' second motion to amend the scheduling order without addressing the third such motion caused Plaintiff "a dramatically unfair result that the Court had (hopefully) never intended"].  This insinuation is misplaced and fails to consider the Court's heavy caseload that results in numerous motions across many cases each day.

2

On May 4, 2026, all Defendants except the John Doe Defendants filed motions for summary judgment and related documents [Docs. 39–56].

On May 26, 2026, Plaintiff filed an "expedited motion to complete discovery and other pretrial relief" requesting additional time to complete discovery, an order deferring ruling on the motions for summary judgment pending limited discovery, or a thirty-day extension to respond to the summary judgment motions [Doc. 57].

## II.    JOINT MOTION

For good cause shown therein and due to the parties' agreement, the parties' third joint motion seeking amendment of the scheduling order to obtain a new trial date and extension of various deadlines [Doc. 36] is **GRANTED** to the extent that the Court will enter an amended scheduling order incorporating the parties' requested dates either with this order or soon thereafter.

As entry of this amended scheduling order will moot Plaintiff's other pending motions regarding the trial and other relevant deadlines in this case [Docs. 38, 57], these motions are **DENIED as moot**.

Also, as this amended scheduling order will extend the discovery deadline until September 11, 2026, and the dispositive motion deadline until October 16, 2026, Defendants' current pending summary judgment motions [Docs. 39, 43, 46, 47, 50, 54] are **DENIED as premature** with leave to refile.

## III.    CONCLUSION

For the reasons set forth above:

1.  The parties' third joint motion from the parties seeking amendment of the scheduling order to obtain a new trial date and extensions of various deadlines [Doc. 36] is **GRANTED** to the extent that the Court will enter an amended scheduling order incorporating the parties' requested dates soon thereafter;

2.  Plaintiff's other pending motions [Docs. 38, 57] are denied as moot; and

3. Defendants' motions for summary judgment [Docs. 39, 43, 46, 47, 50, 54] are **DENIED as premature** with leave to refile.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

4