# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

MATTHEW PAUL QUALLS, )
)
        Plaintiff, )
)
v. ) No.   2:24-cv-00207-DCLC-CRW
)
HAWKINS COUNTY, TENNESSEE, et )
al., )
)
        Defendants, )

## MEMORANDUM & ORDER

This is an action for violation of 42 U.S.C. § 1983 that Plaintiff filed through counsel [Doc. 1]. Now before the Court is a motion from Defendants Lawson, Harvey, Wolfe, Burton, and Horton requesting reconsideration of the Court's previous order denying their summary judgment motions as premature, in which they also seek to stay discovery until the Court decides whether they are entitled to qualified immunity [Doc. 67], and in support of which they filed a memorandum [Doc. 68]. Plaintiff filed a response in opposition to this motion [Doc. 77]. Also before the Court is Defendants Lawson, Harvey, Wolfe, Burton, and Horton's motion to quash Plaintiff's notices to take depositions and to stay discovery [Doc. 76]. For the reasons set forth below, Defendants Lawson, Harvey, Wolfe, Burton, and Horton's motions [Docs. 67, 76] will be **DENIED**.[1]

---

[1] As of the date on which the Court is drafting the instant memorandum and order, Plaintiff's time to respond to Defendants' motion to quash and to stay discovery [Doc. 76] has not yet passed. However, given the rapidly approaching discovery deadlines in this case and the similarity of the pending motions in this case, the Court has decided to address this motion in an expedited manner.

On January 21, 2026, the parties filed a second "Joint Motion to Amend/Revise Scheduling Order" requesting a discovery deadline of March 20, 2026, a dispositive motion deadline of May 4, 2026, and a non-dispositive motion of June 12, 2026 [Doc. 35]. On April 3, 2026, the Court entered an order granting that motion [Doc. 37]. Given the rapidly approaching trial date in this case, the Court also notified the parties that it would not look favorably on further requests for extension of these deadlines [*Id.* at 1].

On March 26, 2026, the parties filed their third joint motion to amend the scheduling order requesting that the Court continue the trial date to no earlier than March 2027, extend the discovery deadline to September 11, 2026, extend the dispositive motion deadline to October 16, 2026, and extend the non-dispositive motion deadline to December 13, 2026, in which the parties stated that this third joint motion mooted their second such motion [Doc. 36]. Additionally, as Plaintiff correctly points out in his response in opposition to Defendants Lawson, Harvey, Wolfe, Burton, and Horton's motion for reconsideration, in this third joint motion to amend deadlines in the scheduling order, the parties specifically indicated that Defendants anticipated filing summary judgment motions, including motions based on qualified immunity, after further discovery [*Id.* at 1–2]. But as the parties filed this motion after the Court had drafted its order granting the parties' second motion to amend the scheduling order but before the Court had entered that order on the docket sheet, the Court inadvertently entered its order granting the parties' second motion to amend the scheduling order without addressing the parties' third motion to amend the scheduling order.

On May 4, 2026, all Defendants except the John Doe Defendants filed motions for summary judgment and related documents [Docs. 39–56].

On June 23, 2026, the Court entered an order granting the parties' third joint motion to amend the scheduling order in this case and denying Defendants' pending summary judgment

2

motions as premature with leave to refile [Doc. 65]. The Court also entered a new scheduling order [Docs. 65, 66].

On June 25, 2026, Defendants Lawson, Harvey, Wolfe, Burton, and Horton filed a motion requesting that the Court reconsider its order denying their motions for summary judgment as premature in which they assert that their summary judgment motions are based on qualified immunity and the Court should therefore stay discovery until the Court determines whether they are entitled to qualified immunity [Docs. 67, 68]. In support of this request, these Defendants mainly assert that "the posture of the case changed significantly between March 26, 2026[,] and June 23, 2026[,] as a result of [] [D]efendants['] obligation to comply with the Court's May 4, 2026[,] deadline to file dispositive motions" [Doc. 68 p. 2–3].

Additionally, after Plaintiff filed various notices to take depositions [Docs. 69–75], Defendants Lawson, Harvey, Wolfe, Burton, and Horton filed a motion to quash those deposition notices and stay discovery based on the same reasoning set forth in their motion for reconsideration [Doc. 76].

While the Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration, district courts may "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment" under Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). District courts generally only reconsider interlocutory orders based on "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No.

3

1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

As Defendants Lawson, Harvey, Wolfe, Burton, and Horton's motion to reconsider improperly seeks to raise evidence they could have raised earlier, the Court will deny it. Specifically, as set forth above, these Defendants request that the Court reconsider its denial of their summary judgment motions as premature based on their assertion that the posture of this case changed significantly between the date on which the parties filed their third joint motion to amend the relevant deadlines in this case and the date on which the Court granted that motion, as these Defendants had to file motions for summary judgment based on qualified immunity in the time period between these dates to comply with the then-applicable dispositive motion deadline. But notably, these Defendants did not withdraw their agreement to the parties' third joint motion to amend the scheduling order after the parties filed that motion and before the Court granted it, as they could have done.

In other words, if Defendants Lawson, Harvey, Wolfe, Burton, and Horton felt that the filing of their summary judgment motions based on qualified immunity meant that they no longer agreed to the parties' third joint motion to amend the scheduling order, this was evidence they could and should have filed before the Court granted that third joint motion, not after.

Accordingly, Defendants Lawson, Harvey, Wolfe, Burton, and Horton's motion for reconsideration of the Court's previous order [Doc. 67] and motion to quash and to stay discovery [Doc. 76] are not well-taken and they are **DENIED**.

Also, all parties are **NOTIFIED** that the Court will not look favorably on any future motions to extend or alter any deadlines in this case.

**SO ORDERED.**

4

**ENTER:**

s/Clifton L. Corker
United States District Judge